**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**ANDREW BELL, ET AL.**                                                                           **PLAINTIFFS**

**v.**                                            **3:04CV00303-WRW**

**AMERICAN GREETINGS CORP.**                                                              **DEFENDANT**

## ORDER

Pending is Plaintiffs' Motion for Change of Venue and Objection to Jury Selection Process (Doc. No. 124). Defendant has responded (Doc. No. 143). For the following reasons, Plaintiffs' Motion is DENIED.

On August 31, 2004, Plaintiffs filed this case in the Jonesboro Division alleging race discrimination. Plaintiffs allege that the jury pool selection for the Jonesboro Division of the United States District Court for the Eastern District of Arkansas based on voter registration lists has a discriminatory impact on African Americans. Plaintiffs contend that fewer African Americans register to vote in Jonesboro and are, therefore, under-represented in the jury pool.

The United States District Court for the Eastern District of Arkansas has adopted a plan for the random selection of petit jurors from voter registration lists of all counties in the respective division.[1] To establish a *prima facie* case of discrimination in the selection of a venire panel, Plaintiffs must show: "(1) the group alleged to be excluded is a 'distinctive' group in the community; (2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that the under-

---

[1] Doc. No. 143, Ex. 1.

representation is due to systematic exclusion of the group in the jury-selection process."[2]  Plaintiffs have presented no evidence establishing these factors.  The use of voter registration lists to select jury pools, has consistently been approved by this Circuit.[3]

Even if Plaintiffs could prove that African Americans in the Jonesboro Division do not register to vote proportionately, Plaintiffs' allegations would still fail.  In *Floyd v. Garrison*,[4] the Eighth Circuit rejected a similar venue challenge stating:

> [t]he mere fact that one identifiable group of individuals votes in a lower proportion than the rest of the population does not make a jury selection system illegal or unconstitutional."  Absent proof that obstacles are placed in the path of blacks attempting to register to vote, voter registration lists may be used as the sole source for selecting jury pools.[5]

Plaintiffs fail to offer any evidence to support their allegation that the selection process results in disproportionate representation of African Americans.  Accordingly, Plaintiffs' Motion for Change of Venue is DENIED.

IT IS SO ORDERED this 6th day of February, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[2] *Singleton v. Lockhart*, 871 F.2d 1395, 1398 (8th Cir. 1989) (citing *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).

[3] *See*, *e.g.*, *United States v. Sanchez*, 156 F.3d 879 (8th Cir. 1998); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996); *United States v. Rogers*, 73 F.3d 774, 775 (8th Cir. 1996); *U.S. v. Garcia*, 991 F.2d 489 (8th Cir. 1993); *United States v. Clifford*, 640 F.2d 150 (8th Cir. 1981); *United States v. Freeman*, 514 F.2d 171 (8th Cir. 1975).

[4] 966 F.2d 947 (8th Cir. 1993).

[5] *Id*. (quoting *United States v. Clifford*, 640 F.2d at 156).