# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**ANDREW BELL, ET AL.**                                                                              **PLAINTIFFS**

**v.**                                              **3:04CV00303-WRW**

**AMERICAN GREETINGS CORP.**                                                           **DEFENDANT**

## ORDER

Pending is Defendant's Motion for Costs (Doc. No. 191). Plaintiffs have responded (Doc. No. 194). After Defendant was awarded summary judgment, it offered to not seek costs against any Plaintiffs who did not appeal. As result, thirty Plaintiffs agreed to not appeal; however, seventeen have appealed.

Defendants, as prevailing party, may recover costs as provided by statute and the Federal Rules of Civil Procedure.[1] Section 1920 defines expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).[2] Fed. R. Civ. P. 54(d) allows the prevailing party to be reimbursed for its "costs." Costs are limited to taxable costs listed in 28 U.S.C. § 1920, which includes:

> (1) Fees of the clerk and marshal;
> (2) Fees for the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

---

[1] *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987)(*citing* 28 U.S.C. § 1920; Fed. R. Civ. P. 54(d)).

[2] *Id.*; *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (instructing that § 1920 defines the term "costs" as it is used in Rule 54(d)).

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case.[3]  Defendant seeks $17,166.73 ($15,822.73 in court reporter fees and $1,344.00 in copying costs).  Defendant's Motion is GRANTED in part and DENIED in Part.  Defendant is awarded $1,344.00 for its copying costs to be divided among the remaining seventeen Plaintiffs.

IT IS SO ORDERED this 31st day of July, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] *See Greaser v. Missouri,* 145 F.3d 979, 985 (8th Cir. 1998) (district court has substantial discretion in awarding costs to a prevailing party).